May it please the court, counsel. My name is Kurt Mayer. I'm with the Federal Public Defender Office in Los Angeles. Pete Ryan, then. Yes, Your Honor. And I represent Mr. Riley in this case. What I'd like to discuss this morning with the court are the evidentiary rulings that the district court made regarding the admission of an alleged erection that Mr. Riley had at the time that he was being patted down by a government agent and also the introduction of an earlier possession of child pornography on his computer at his home. I'd also like to talk about, specifically with regards to that, what we'd like to talk about is whether that evidence was relevant, competent, and non-prejudicial, which our position is that it was not. We'd also like to talk about why the sentence of 46 months of incarceration was not procedurally or substantively reasonable. In examining the trial court's rulings regarding the evidence, what I'd like to talk about first is whether those pieces of evidence were actually relevant. And first, with regards to that, the particular rules that the court would look at would be 401, 602, 701, as gatekeepers for relevant evidence. The court can also look at rule 404B and the test that the court has imposed in deciding whether 404B evidence does come in, and that would have to do with the particular prong of whether the evidence is sufficient to support the prior act that the government is seeking to admit. In this case, what the court had before it was an agent testifying about what happened when they went to Mr. Riley's apartment to execute a search warrant. The agent had no basis of knowledge in order to be able to come to the conclusion that Mr. Riley had an erection when he was being searched by him. The undisputed evidence that was before the district court regarding the agent's interaction with Mr. Riley and Mr. Riley's penis was that he never saw his penis. I have a question. Yes. Whether any of this matters. I mean, wasn't the evidence without that just supposed to be silent? Your Honor, I don't believe it was. The two issues that were litigated in the trial, the two issues where our position is that the government's evidence was wanting, had to do with the second and third elements of the charge, and that is that he knew that the disk that was in his apartment had more than one image of a minor engaged in sexual abuse activities. He was assured that it was going to. It arrived. What he ordered arrived, or purported to arrive. He opened it. He put it on his computer. What else do you need? Well, let me, the other element, the two elements that that, what you just talked about, go to, are did he also know that the production of the image involved the use of a minor's sexual explicit activity? There was no evidence here. No, why is that? Excuse me? I said the second part of that, the second issue was, did he know that the production of that image involved a minor engaged in sexual. . . It's what he asked for. It may have been what he asked for, but our position is that in order to establish that he knew, he would have had to. . . It's not your objective. It had nothing to do with that. It could have been a 19-year-old looking like a 13-year-old, and those facts would have been as relevant. So they have nothing to do with that issue. Well, they have to. . . It works or doesn't work, but not for that reason. But they have to do with whether, the issue is, did he see, did he see what was on that CD? And the evidence before the court, before the jury, was that he didn't see what was on that CD. I thought the evidence was that it was in his computer and basically on his screen. No, Your Honor, that's not what the evidence was. The evidence was that the CD was in the tray of the tower of his computer. There was a picture that was introduced in evidence of the screen at the time, his computer screen at the time, which showed what appears to be the branch of a fir tree with computer icons in the foreground. The other evidence was that there was a TV that was on, but all that was on the TV was snow, and there was a video tape not actually playing in the VCR but just sitting there, and it wasn't engaged. So those were the pieces of evidence that the government used to try to convince the jury that he knew about this. And our position at trial and our position here is that that doesn't establish that he knew. But it's not an element of the crime that he had seen it. He just didn't know what was on it. Well, that's the question. What is knowing? And I think that if we look at what the court decided in Baum, that knowing has to be, you have to show that the person accessed the images and that those images were capable of being seen or were actually shown on a computer screen. They could be copied or they could be printed or they could be saved in some way. And you don't have that kind of evidence here. It doesn't take a big leap to draw that inference, though. I mean, the package has just arrived. It's a few minutes later, and already the tape is in the VCR and the CD is in the computer tray. And he doesn't come to a judgment. Well, Your Honor, the inferences that can be drawn have to do with maybe another crime that he was charged with. But in this particular case, he was, excuse me, they would have to do with if he had been charged with a different type of crime under 2252A. He wasn't charged with those other types of crimes. He was charged with possession, and possession requires knowing. We come back to what is knowing. I think that there's a disconnect here with a trial court. Let me just ask you a technical question. Since this is a physical thing, it's not just a download, right? If he had the disc and knew what was on it, does he have to look at it? Well, I think that gets to another issue, Your Honor. And this goes to the similarity part of the 404B test. If you've got a person who previously had dealt with this particular agent. I'm just asking you a statutory interpretation question, to which I do not know the answer. So that's why I'm asking you, which is, is it possession? Could it be knowing possession if someone says, look, here's a disc that has X on it, and it, in fact, has X on it, and he knows that it at least reports to have X on it, but he hasn't actually seen it? Well, it depends on how he knows. If he doesn't know, if he hasn't looked at it, no, then it's not knowing receipt. Does he know because someone told him? No, I don't think that that's sufficient. Well, it might be sufficient for receipt. I know lots of things I haven't seen. What is it about the statute or what case law says that knowing means having firsthand experience with it? I think both Lacey and Rahm talk about that, Your Honor. In both of those cases, they talk – Is that for in cases of downloads? Well – Downloads are different, right? If somebody hands you a physical – because you can't possess a download until you possess it, until you download it. But here, if you have a physical thing in your hand, that's why that's – But it's not simply just possessing. It's knowing – that's what I'm talking about. Those two elements are crucial here, is that you have to know that the disc contains an image, more than one image of a minor engaged in sexually explicit actions. Didn't the agent provide that information? He provided the information that he was the one that put it on there. But he admitted during cross-examination, as a matter of fact, all the government agents that actually viewed the disc and the tapes admitted that they only knew that those were on there by looking at them. And that was the point of the defense, is that the only way – for this particular charge, that's all I'm talking about. For this particular charge, based on these facts, the facts of this particular case, you have to – he would have – Mr. Riley would have had to have seen what was on that disc in order to be convicted of knowing that the disc contained more than one image of a minor and also that it was produced with a minor engaged in sexually explicit activity. You're running down on your time. Did you want to get after any of the other issues? Your Honor, I – what I wanted to talk about regarding the sentencing in this case is that our position is that the court – under the Supreme Court case of United States v. Nelson, the court said that in order for the court – the sentence to be reasonable, the court has to show that it was sufficiently independent from the guidelines. In this case here, the judge – our position is that the judge repeatedly said that he was tying the sentence to the guidelines. The fact that he gave a sentence of 46 months when the other 3553A factors all weighed in favor of Mr. Riley getting a sentence less than that points to the fact that he gave him a sentence that was directly tied to that. Was he talking about the current guidelines instead of the former guidelines? Well, he was talking – he talked about the former guidelines as a basis to establish a sentencing – a proposed sentencing range. Right, and that's the part that we think is a procedural error because he used that as his basis for determining what the right sentence was in this case. This is a within-guidelines sentence, correct? Yes, it is, Your Honor. But that – and that's part of the problem is that you have evidence here that there was no reason to give a within-guidelines sentence, let alone a guidelines sentence, when you have a person who has no prior criminal history, no prior arrests, who's worked all his adult life, who spent six years in the U.S. Army and was discharged honorably, who's worked as an engineer and a technician, who four year – only four – or four years after this offense was alleged to have committed was only arrested then, so that means that the government or the state government allowed him to be out and about with no repercussions whatsoever. And then he was placed on bond for over two years, again showing that he had – there was no danger to having him out, which is part of what the argument was that the court made as to giving the sentence. Judge Salno was, in his description, was justifying why he went to the higher end of the guidelines, right? Right. And he looked at the fact that this particular offense, since the old but applicable guidelines were in effect, is viewed more seriously. Yes. And that happens in the criminal law. In my lifetime, our attitudes have changed about spousal abuse, about a number of other things, about drunk driving, and they're viewed more seriously. What's wrong in the judge in determining where in the guidelines to go, justifying the higher end by saying society views this more seriously today than they did in the past? Well, I think there's two problems with it. One is that his sentence in this case was not sufficiently independent of the guidelines. He used the guideline sentence. The second problem is, although it may be that now we have a different view of what people convict of possession of child pornography should get as a sentence, this isn't when the offense happened. It happened in 2000, 2001, seven years before the district court actually sentenced him. And that difference should inure to the benefit of Mr. Riley as opposed to his judgment, and especially when you see the other factors, the other 2255, excuse me, the other sentencing factors that weigh in his favor that were not adequately or sufficiently considered by the district judge. And I'd like to reserve the remainder of my time for rebuttal. Thank you. Thank you for your argument. We'll hear from the United States at this time. Ms. Gannon? Good morning. May it please the Court, I'd like to address as a preliminary matter the defendant's raising of the sufficiency of the evidence arguments both in the 28J letter, which was recently submitted to the Court and today. Sufficiency of the evidence was not raised in either the opening or reply brief in this case. To the contrary, the defendant challenged the district court's rulings regarding allowing that evidence as testimony at trial. I would have thought it wouldn't have bothered you a bit to have him argue that. Your Honor, I am prepared to address the sufficiency of the evidence in this case, and to the extent that some of the same arguments apply to whether the district court properly admitted the evidence as relevant in this case. The government disagrees with the defendant that in order to possess a compact disc of child pornography, you need to actually view the image. If you extended the defendant's reasoning, this Court would have to find that an individual who was given a vehicle and told that there was cocaine in secret compartments could not be convicted of possessing a controlled substance. And, Your Honor, that is just not logical. Here, the defendant ordered the child pornography from specific descriptions, which were clear that it was, in fact, images of minors engaged in sexually explicit conduct. He, in a text or in an email, expressed his preference for the type of material he wanted to receive. He, in fact, sent two images to further express his preferences. Well, let me refocus the question a little bit, because it came up not as a sufficiency of the evidence challenge. I think the defendant would probably concede that he wouldn't win a sufficiency of the evidence challenge with all the presumptions that run in favor of the jury's verdict. But it came up as the question of did the testimony about the erection make any difference whatsoever? Because did it really add anything? Wasn't this person going to be convicted anyway? So I'm going to ask you to flip it around, not so much. I mean, it's sort of the same compilation of evidence, but why was it that this didn't make any difference? There was no other possible result you'd expect the jury to reach, even if this evidence had been excluded. Why would the verdict have been the same if that evidence had been excluded? Assuming for the moment that the testimony was improper or should not have been permitted, was this harmless error? Yes, Your Honor. I submit that it would be, but that's from the district court's point of view. That's not the standard. The district court's job is not to attempt to balance the evidence and just let the government present enough that it thinks a conviction will result. No, I've put in an assumption that I don't expect you to accept, and that's fine. Assume for the moment the evidence should not have been admitted. We really jumped ahead. Judge Berzon's question, I think, was did it really make any difference? Why are we talking about this? And it seems to me there is an easier resolution potentially of that issue to say exactly that. I think that's how the sufficiency of the evidence came up, so I want you to tailor your comments to that particular element. Your Honor, I do think the evidence was sufficient, and it would be harmless error. However, the government's position is also that it wasn't harmless error, because it was inextricably intertwined with the offense conduct, which the defendant does not address. There are several kinds of offenses that have been challenged. One is the erection. Another one is other material they found, other child pornography they found. Is that right? That's correct, Your Honor. There was additional images that were introduced at trial that the government submitted possessed by the defendant on his actual computer hard drive, in addition to the compact disc that was charged. I'm sorry, Your Honor? Are those the only two things we're talking about? Yes, Your Honor. There were multiple images. I believe there was a total of 11 images, and the district court found that 11 was a number that was reasonable under the balancing standard, was not unduly prejudicial. And the defendant, I believe, argued that that was a prior possession. The government would submit that it was a contemporaneous possession. He possessed the computer hard drive at the same time that he took receipt and possessed the compact disc that he had ordered. So to that extent, that evidence, in addition to being permissible 404B, which the district court gave the proper instruction, in fact, tailored the instruction to the reasons under 404B that the court found that it was permissible, as do I believe it was knowledge and absence of mistake, and instructed the jury that that was the only proper way that they could consider those additional evidence, the additional images that were possessed on the computer hard drive. So the district court made a good record in that case, addressed any potential prejudice with regard to the impact on the jury through the jury instruction, and the district court did not abuse its discretion in making that ruling. Finally, if the court would like me to, there is a third challenge regarding the noncustodial contemporaneous, I'm sorry, spontaneous statements that the defendant made, which I believe the defendant did not address. But he didn't raise that in his argument. Yes, Your Honor. I was responding to the court's question regarding additional evidentiary challenges. I would like to address the defendant's challenge regarding the sentence imposed by the district court. As this court noted, it was a guideline sentence. It was at the high end of the guidelines. Your Honor, I submit to you that the Nelson case is not persuasive in this context. The Nelson case addressed whether the guidelines had a presumption of reasonableness. And there is nothing in the record before this court that the district court in this case applied such a presumption that the court in Nelson found was inappropriate. And, in fact, multiple times in the court's written reasons for sentencing, which was initially issued as a tentative ruling, the parties discussed and that was incorporated into the minute entry for the sentencing, the court repeatedly acknowledged that the guidelines were advisory and, in fact, went through the 3553A factors in detail in that written explanation for sentencing. There's nothing to indicate that the court felt tied to the guidelines. In fact, every indication of the record was that the court made an independent determination as to the reasonable sentence. What about the fact that he relied on the later guidelines changes as a reason for his specific selection of the sentence? Your Honor, that was not error because the defendant raises it as an ex post facto problem. There's a little bit of procedural error under the guidelines itself, which basically say that he's supposed to follow the book in effect at the time. And I understand he calculated it properly, but then he relied on something that wasn't the book at the time, something else. Your Honor, I think there's nothing improper or impermissible about considering that as he factors. Judge Hawkins noted society's attitudes towards particular offenses change over time. And to the extent that the judge was commenting on the fact that had the offense occurred at that time, at the time of sentencing, it would have resulted in a higher guideline range, was noting the fact that Congress and the Sentencing Commission have addressed society's concerns about the proliferation and commercial trafficking in child pornography. And it is not an ex post facto problem because the guidelines are not mandatory. So even if the court looked to the newer guideline and said that it was... It may not be an ex post facto problem, but it seems to run against the guidelines themselves to rely on later guidelines and the guidelines that are supposed to remind them. Your Honor, I don't think that it does because the guidelines now and the 3553A factors, which the court is instructed to consider, ask the court to take a more holistic approach as to sentencing. It would be a holistic approach to say, in general, this is something that is very much looked down upon in society these days, and therefore we go to the high end of the guidelines. But to look to the guidelines themselves is what's bothering me. And, Your Honor, I can submit that there's not a material difference to those two statements. The fact that there is a higher guideline necessarily means that Congress and or the Sentencing Commission believe that this was a more serious offense. And the fact that he phrased it that way while still applying the proper guidelines should not be a cause for concern or a grounds for remanding for resentencing. I think that the guidelines themselves and the amendments may be one of the most direct ways that the district court... I have a question about one particularly of the conditions that were set. Yes. Which said something about not accessing any material that relates to mine or something like that. That seemed awfully broad. I apologize to the court. Was it not the condition that referred to... Was it the condition that referred that he shall not possess any sexually explicit... Using a computer to access information related to miners. Yes, Your Honor. That would actually be subsumed under the ability to use computers only as approved by the probation officer. So I think... I apologize to the court. Is it part of the condition that prohibited the defendant from using computers? Your Honor, I don't believe the imposition of that condition was an abuse of discretion. Here, the defendant had, through his conduct, exhibited sexual interest in children. And I believe the court has affirmed... Say anything about sexual interest. Yes, Your Honor. Mine. Yes, Your Honor. But the fact that he has a sexual interest, exhibited sexual interest in children, is related to the fact that he should not be... Yes, Your Honor. On the computer. I think that that is a reasonable condition. And the district court, as exhibited in the record, carefully considered each of these conditions. They were objected to before the district court. And... They were not. They were objected to at the district court. They were considered by the court in the court's tentative that became adopted by the court. And to that end, there's a record that demonstrates that the court independently considered each of these conditions and properly exercised its discretion. And given that standard of review, Your Honor, I submit that there's nothing improper about limiting the defendant's use of the instrumentality that led to the offense in the first place regarding a subject matter which was the cause for the offense. His sexual interest in children. Whether that be sexual material involving minors or non-sexual material involving minors. Does it go too far? I mean, there is a condition already that speaks more directly to pornography. And there is a condition with regard to his use of the computer generally. And the probation officer has supervision. And then there is this condition that says he shall not access via computer any material that relates to minors. The way the computer is used today, that would cover creation of a birthday card for his nephew. Or watching a movie, the example that was cited. Any movie that has a kid in it means it's off limits. Is that really connected to... Is that really what we mean? I think it is connected to the offense. And I think it fills in the gap of, for example, if the probation officer approves the use of a computer at his employment. Therefore, he uses the use of the computer at his employment. It doesn't say there is a separate provision that says he can only use it as approved by the probation officer. It has separately said that he shall not access via computer any material that relates to minors. Yes, Your Honor. So if he was... Even with the approval. Right. So if he was at his employment and was using a computer properly, but then decided to, for example, go on a Webkinz website. Would you be comfortable being limited to that? Your Honor, I believe the conditions also would allow him to have a computer as approved in his personal life as well. So I do think it needs to cover both. But we should essentially do what some of the other panels have done and read some of these very broad languages narrowly. You'd be comfortable with that. Your Honor, I'm not asking you to read it any narrower than it's drafted. But I'm just saying that I think the concern... It doesn't say anything about his employment. It doesn't say anything about approvals. It says that he cannot access via computer any material that relates to minors. If we're going to take that literally, it's going to have the results that we just talked about. Yes. And I was using the employment just as an example of how that condition is necessary to fill in the gap of approved computer use. If it's approved and he's not looking at child pornography, without that condition, he's able to look at child erotica involving minors. He'd be allowed to... But the condition also means that he can't and the probation officer can't approve working for an insurance company where he's going to enter health claims that might involve kids. Your Honor, I suppose that could be a potential issue. Perhaps it could be more narrowly drawn, but as the court in Goddard found when it was reviewing the computer conditions and the concern was raised about employment computer usage, they viewed that condition broadly and said... No, actually what they did was they did it narrowly. What they did was they basically rewrote the provisions by saying that it only relates to employment use, even though it isn't what it said, and that we could use that. But it would be nice if you agreed that that would be a wise thing to do because it probably would be. And, Your Honor, I believe that it would be more conservative and it certainly would be clearer to the defendant if that was the case. I think that it was designed as a stopgap to avoid... Yes, Your Honor. I see that I'm out of time. Thank you. Rebuttal? Counsel? With regards to the government's analogy that this is similar to a possession of... or, excuse me, a possession with intent to distribute drug case, it's not similar. The reason is that the courts have gone through First Amendment litigation regarding child pornography and that is because there's a fine line between what's lawful and what's unlawful. With drugs, you have unlawful contraband that's always being involved here. In these type of cases, that's not necessarily always the case, and that's why there's this additional element that's not present in a drug charge that the person has to know that the image that was used on the disk, for example, was produced using a minor, and the only way that can be shown is by showing that... I don't understand how seeing it goes any way at all to prove that. Because that's the only way that you can know. How else can you know? I don't know if you saw it. Isn't the problem that because there are these make-believe images and because you can have things made with adults who look like children, seeing them is not going to prove that fact. Well, but that's what the statute requires.  Whether you see it or don't see it doesn't go to that. Well, then there's a problem anyway because if it's not really what it says it is, then there's a problem with that as well. If it's not what it says it is, he doesn't get convicted because he doesn't possess something that's that. But also not knowing something about what's on there, then that's a problem as well because you're implying that he was aware as opposed to that he knew that there was something on that disk that shouldn't be on there. If I get a disk of music from a friend of mine, he says that there's music on this disk and I have music on my computer. Does that mean that I know that there's music on this disk without playing it? I mean, that's the problem that you have here. Well, I think at some level we know lots of things that we haven't experienced firsthand. Judge Hawkins gives me something. I believe it's what it is. I have reason to believe it's what it is. Why can't that be the basis of knowing? Because, Your Honor, you're not going to get brought into federal court and charged with a crime and possibly end up in prison. That's the difference. Somebody gives you a package and says this is a package of cocaine and I have this package and I've been told it's a package of cocaine. I can't be found to have known to possess cocaine. You can't? One could. Yes, one could. But that's what I'm saying is the difference. You're dealing with a contraband. It's always a contraband. But that's not the issue. The issue is the intent, the knowing part of it. Well, intent and knowing are two different things. Whatever the managed rate is, it seems to be able to be filled out without physical. Without, I'm sorry, Your Honor? Without physical. Not in these particular cases. And the problem I think that we have here is just that the charge possibly was the wrong charge. There were a number of charges under 2252A that might have been applicable for Mr. Riley's conduct, but he wasn't charged with that. He was charged with possession. And that's why we have this problem with this evidence here is because it just wasn't material to the evidence or to the charge against him. You're over your time. Thank you for your argument. Thank you both for your argument. The case just argued it would be submitted for decision. And that concludes the court sitting today. The judges of the panel will retire and deliberate. We'll be back to answer student questions, public questions, in probably 30 minutes or so. Thank you very much.
judges: Hawkins, Berzon, Clifton